**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAM GURUNG, | No. 08-70201 |
| Petitioner, | Agency No. A098-829-384 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2011[**]
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Gam Gurung, a native and citizen of Nepal, seeks review of a Board of

Immigration Appeals order dismissing his appeal from an Immigration Judge's ("IJ")

decision denying his application for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. Reviewing the agency's factual findings for substantial evidence and applying the standards governing adverse credibility determinations created by the Real ID Act, *see Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), we deny the petition for review.

Before the IJ, Gurung testified that: (1) he never voiced his opposition to or opinion of the Nepalese government, directly contradicting an affidavit he submitted in support of his application in which his friend described him as an "avid critic" of the police and army who would raise his concerns at social and religious gatherings; and (2) he did not know whether his brother-in-law's brother Hari Prasad Bhattarai was involved in politics or anything other than a transport business, directly contradicting his own earlier declaration in which he described Prasad's membership in a non-governmental organization that tracks government and army misconduct. These inconsistencies are nontrivial because Gurung claims persecution by the government based on his political beliefs and on the imputed political beliefs of Prasad. Given only speculative and unconvincing explanations from Gurung for the inconsistencies, substantial evidence supports the IJ's adverse credibility determination. *See id.* at 1043-44 (holding that an inconsistency may support an adverse credibility determination if not trivial and considered in light of the "totality of the circumstances," including the petitioner's explanation for the inconsistency).

2

In the absence of credible testimony, Gurung's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Gurung's CAT claim is based on the same testimony found to be not credible, that claim also fails. *See id.* at 1156-57.

**PETITION DENIED**.